## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| Shannon L. Hamilton and Karisha Melton, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>Muskegon Family Care,<br><br>　　　　　　　　Defendant. | CASE NO. |

## CLASS ACTION COMPLAINT FOR
## VIOLATION OF WARN ACT 29 U.S.C. § 2101, *ET SEQ.*

Plaintiffs Shannon L. Hamilton and Karisha Melton ("Plaintiffs") allege on behalf of themselves and a class of similarly situated former employees of Muskegon Family Care, ("Muskegon Family Care" or "Defendant") as follows:

### NATURE OF THE ACTION

1.　　　On or about February 14, 2020, Defendant terminated without notice the employment of approximately 150 full-time employees.

2.　　　Plaintiffs were each an employee of Defendant until their terminations on or about February 14, 2020.

3.　　　Plaintiffs bring this action on behalf of themselves, and other similarly situated former employees who worked for Defendant and who were terminated without cause, as part of, or as the foreseeable result of, plant closing or mass layoff ordered by Defendant and who were not provided 60 days advance written notice of their terminations by Defendant, as required by the

Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq*.

4.      Plaintiffs and all similarly situated employees seek to recover 60 days' wages and benefits, pursuant to the WARN Act, from Defendant.

5.      Plaintiffs also seek payment for unpaid vacation owed to them and the other similarly situated former employees, pursuant to Defendant's written policy regarding the accrual and payment of paid time off, in accordance with Mich. Comp. Law 408.473.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5).

7.      Venue is proper in this District pursuant to 28 U.S.C. 1391(b)(1), (2) and 29 U.S.C. § 2104(a)(5).

## THE PARTIES

### *Plaintiffs*

8.      Plaintiff Shannon L. Hamilton worked in clerical support for Defendant at Defendant's facility located at 2201 S. Getty St, Muskegon, MI 49444 (the "Facility") until her termination on or about February 14, 2020.

9.      Plaintiff Karisha Melton worked in clerical support for Defendant at Defendant's facility located at 2201 S. Getty St, Muskegon, MI 49444 (the "Facility") until her termination on or about February 14, 2020.

10.      Both Plaintiffs were terminated without written notice.

11.      Upon information and belief, approximately 150 other similarly situated former employees were also terminated beginning on February 14, 2020 without written notice.

12.     Upon her termination, Ms. Hamilton was not paid for her unused vacation time in accordance with Defendant's written policy.

### ***Defendant***

13.     Defendant Muskegon Family Care is a Michigan corporation with its principal place of business located at 2201 S. Getty St, Muskegon, MI 49444.

14.     Defendant conducted business in this district.

15.     Until on or about February 14, 2020, Plaintiffs and all similarly situated employees were employed by Defendant and worked at the Facility.

16.     Upon information and belief, Defendant made the decision to terminate the employment of Plaintiffs and the other similarly situated former employees.

17.     On or about February 14, 2020, Defendant began a mass layoff or plant closing at the Facility without providing its employees with 60 days' advance written notice

### **WARN CLASS ALLEGATIONS, 29 U.S.C. § 2104**

18.     Plaintiffs bring this claim for relief for violation of 29 U.S.C. § 2101 *et seq*., on behalf of themselves and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Fed. R. Civ P. 23(a), who worked at or reported to Defendant's Facility and were terminated without cause on or about February 14, 2020, and within 90 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoff and/or plant closing ordered by Defendant on or about February 14, 2020, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "Class").

19.     The persons in the Class identified above ("Class Members") are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

20.     Upon information and belief, Defendant employed approximately 200 employees at the Facility before it carried out the terminations beginning on February 14, 2020.

21.     On information and belief, the identity of the members of the class and the recent residence address of each of the Class Members is contained in the books and records of Defendant.

22.     On information and belief, the rate of pay and benefits that were being paid by Defendant to each Class Member at the time of his/her termination is contained in the books and records of the Defendant.

23.     Common questions of law and fact exist as to each of the Class Members, including, but not limited to, the following:

(a)     whether the Class Members were employees of Defendant who worked at or reported to Defendant's Facility;

(b)     whether Defendant terminated the employment of the Class Members without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act; and

(c)     whether Defendant unlawfully failed to pay the Class Members 60 days wages and benefits as required by the WARN Act.

24.     Plaintiffs' claims are typical of those of the Class.  Plaintiffs, like other Class Members, worked at or reported to Defendant's Facility and were terminated without cause on or about February 14, 2020, due to the mass layoff and/or plant closing ordered by Defendant.

25.     Plaintiffs will fairly and adequately protect the interests of the Class.  Plaintiffs have retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation.

26.     On or about February 14, 2020, Defendant terminated Plaintiffs' employment as part of a mass layoff or a plant closing as defined by 29 U.S.C. § 2101(a)(2), (3), for which he was entitled to receive 60 days advance written notice under the WARN Act.

27.     Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants, and damages suffered by individual Class Members are small compared to the expense and burden of individual prosecution of this litigation.

28.     Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

29.     Plaintiffs intend to send notice to all Class Members to the extent required by Rule 23.

## FIRST CLAIM FOR RELIEF

### Violation of the WARN Act, 29 U.S.C. § 2101, *et seq.*

30.     Plaintiffs reallege and incorporates by reference all allegations in all preceding paragraphs.

31.     At all relevant times, Defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

32.     At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a), and continued to operate as a business until it decided to order mass layoff or plant closing at the Facility.

33.     On or about February 14, 2020, Defendant ordered a mass layoff and/or plant closing at the Facility, as that term is defined by 29 U.S.C. § 210l(a)(2) and 28 CFR § 639.3(i).

34.     The mass layoff or plant closing at the Facility resulted in "employment losses," as that term is defined by 29 U.S.C. § 2101(a)(2) for at least fifty of Defendant's employees as well as thirty-three percent (33%) of Defendant's workforce at the Facility, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2l01(a)(8).

35.     Plaintiffs and the Class Members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendant at the Facility.

36.     Plaintiffs and the Class Members are "affected employees" of Defendant, within the meaning of 29 U.S.C. § 210l(a)(5).

37.     Defendant was required by the WARN Act to give Plaintiffs and the Class Members at least 60 days advance written notice of their terminations.

38.     Defendant failed to give Plaintiffs and the Class Members written notice that complied with the requirements of the WARN Act.

39.     Plaintiffs and each of the Class Members, are "aggrieved employees" of Defendant as that term is defined in 29 U.S.C. § 2104 (a)(7).

40.     Defendant failed to pay Plaintiffs and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under COBRA for 60 days from and after the dates of their respective terminations.

41.     The relief sought in this proceeding is equitable in nature.

## SECOND CLAIM FOR RELIEF

### Michigan Payment of Wages and Benefits Act Public Act 390 of 1978 § 408.473 (Sec. 3)

42.     Plaintiffs reallege and incorporates by reference all allegations in all preceding paragraphs.

43.     At all relevant times, Defendant had a written policy regarding the accrual and payment of vacation time for its employees, including Plaintiffs and the Class Members.

44.     Plaintiffs, on behalf of themselves and the Class Members, seek payment of all unpaid wages in violation of §408.473 (Sec.3) of Michigan's Payment of Wages and Benefits Act, plus interest at the legal rate from the date each amount first came due, for each person eligible for such payment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all other similarly situated persons, prays for the following relief as against Defendant:

A.      Certification of this action as a class action;

B.      Designation of Plaintiffs as the Class Representatives;

C.      Appointment of the undersigned attorneys as Class Counsel;

D.      A judgment in favor of Plaintiffs and the other similarly situated former employees equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other COBRA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104 (a)(1)(A);

E.      A judgment in favor of Plaintiffs and the other similarly situated former employees under Mich. Comp. Laws 408.473; and

F.      Such other and further relief as this Court may deem just and proper.

DATED:  February 16, 2020

> */s/ René S. Roupinian*
> René S. Roupinian, Esq. (P52737)
> Jack A. Raisner, Esq.
> RAISNER ROUPINIAN LLP
> 500 Fifth Avenue, Suite 1600
> New York, New York 10110
> Telephone: (212) 221-1747
> Facsimile: (212) 221-1747
> Email: rsr@raisnerroupinian.com
> Email: jar@raisnerroupinian.com
>
> *Attorneys for Plaintiffs and the putative Class*

8