UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARISHA MELTON, on behalf of
herself and all others similarly situated,

       Plaintiffs,

CASE NO. 1:20-CV-141

v.

HON. ROBERT J. JONKER

MUSKEGON FAMILY CARE,

       Defendant.
_____/

## ORDER

The parties move jointly for a Rule 23 certification of a settlement class in this WARN Act case, and for final approval of the proposed class settlement. ECF No. 35. Settlement is a welcome outcome, to be sure, but there are gaps on the present record that prevent the Court's approval at present. First, there is not even a proposed settlement agreement included with the filing, just a summary of essential terms. The Court cannot assess whether approval—preliminary or final—is appropriate without seeing the actual agreement the parties contemplate. But second and more fundamentally, the parties appear to anticipate a Rule 23(b)(1)(B) class with no opt out and no advance notice to class members, rather than a more typical Rule 23(b)(3) class with notice and opt out rights. The parties propose this even though they anticipate a cash settlement payment to be shared among class members in exchange for a full release of claims by the class members.

The Court doubts whether the proposed arrangement satisfies due process as to absent class members. Normally a class settlement that extinguishes claims in exchange for a cash payment requires certification of Rule 23(b)(3) class; notice to class members; and a preliminary and final settlement approval hearing. *See* Fed. R. Civ. P. 23(e); *Int'l Union v. General Motors*, 497 F.3d

615, 625-37 (6th Cir. 2007); Manual for Complex Litigation, § 30.41, at 236-37 (3d ed. 1995).  The parties appear to suggest that this process might be avoidable here, and that proceeding under Rule 23(b)(1)(B) might suffice simply because the defendant lacks resources to cover all potential claims.  But even if that is true—and the parties have not presented any evidentiary support for that with their papers—the Court doubts whether that alone is enough to support a limited fund theory under Rule 23(b)(1)(B).  *See, e.g., In re Telectronics Pacing Systems, Inc.,* 221 F.3d 870 (6th Cir. 2000) (reversing certification of mandatory Rule 23(b)(1)(B) settlement class as an abuse of discretion because threat of defendant's bankruptcy was insufficient to support a limited common fund theory).

The terms the parties have tentatively reached may well be fair, practical and otherwise proper considering all relevant factors.  But the Court is not prepared to approve a mandatory settlement class on the present record.  Accordingly, the Joint Motion is **DENIED** on the present record.  The parties may choose to reframe their request for approval under Rule 23(b)(3); re-submit a Rule 23(b)(1)(B) proposal with additional factual and legal support; decide to resolve only plaintiff's individual claim without any settlement class or settlement; or propose some other pathway forward, including dispositive motion practice and trial.

The Court **CANCELS** the Final Pretrial Conference currently set for Tuesday, November 2, 2021.  The parties shall submit a Joint Status Report describing their anticipated pathway forward not later than November 30, 2021.

**IT IS SO ORDERED**.

Dated:  October 29, 2021         /s/ Robert J. Jonker
                                 ROBERT J. JONKER
                                 CHIEF UNITED STATES DISTRICT JUDGE